NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | Criminal Action No. 13-225 |
| GANTCHO ZAGORSKI, | : | MEMORANDUM |
| Defendant. | : | |

**SALAS, DISTRICT JUDGE**

On January 28, 2014, Gantcho Zagorski pled guilty to preparing false federal income tax returns in violation of 26 U.S.C. § 7206(2). (*See* D.E. Nos. 13-15, 22). On April 16, 2015, this Court sentenced Zagorski to five years of probation, eight months of which were to be served in home confinement. (*See* D.E. Nos. 21 & 22). On June 8, 2015, Zagorski moved this Court to permit him—during the home-confinement portion of his sentence—to be permitted outside of his residence for 4 hours every day. (*See* D.E. No. 23). After considering submissions from Zagorski and the Government, the Court issued an Order permitting him outside of his residence from 4:00 p.m. to 6:00 p.m. every day for walking and exercising for his health condition. (*See* D.E. No. 25).

Most recently, on April 18, 2017, Zagorski moved this Court to terminate his probation early pursuant to 18 U.S.C. § 3564(c). (D.E. No. 28-1 ("Def. Mov. Br.")). The Government opposes his application. (D.E. No. 29 ("Gov't Opp. Br.")). For the reasons below, the Court DENIES Zagorski's motion.

## I. The Defendant's Sentencing & Instant Application for Early Termination

As the Government correctly notes, the advisory sentencing guideline range for Zagorski was 10 to 16 months of imprisonment. (*See* Gov't Opp. Br. at 1). But this Court exercised its discretion and granted Zagorski's application for a variance. (*See* D.E. No. 21; *see also* Gov't Opp. Br. at 5). The Court imposed a sentence requiring: (1) probation for a term of 5 years; (2) 8 months of home confinement; (3) cooperation with the IRS; and (4) certain business disclosures to the U.S. Probation Office. (*See* D.E. Nos. 21 & 22 at 2).

Having served less than half of his sentence of probation, Zagorski now moves to terminate his probation term. He contends that he is a 63-year old man with a serious heart ailment requiring constant heart monitoring and that he takes multiple prescription medications every day. (Def. Mov. Br. at 2). Zagorski states that, given his health, "he has been made, essentially, a prisoner in his own home"—but that he "has always valued hard work that involves strenuous activity." (*Id.*). Further, Zagorski notes that—besides the instant action—he has had "no other involvement with the criminal justice system." (*Id.*). And he avers that he has "complied with the conditions of his supervision without incident" and, significantly, the supervising probation officer supports the instant application. (*Id.*). Zagorski argues that the "valuable and overtaxed resources of the probation are better utilized elsewhere" and that studies show that early termination of offenders such as himself saves money and resources without compromising public safety. (*See id.* at 2-3).

## II. Legal Standard

18 U.S.C. § 3564(c) provides that, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," this Court

> may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a

term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The factors in 18 U.S.C. § 3553(a) are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with correctional treatment; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established" for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements; (5) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense."

### III. Discussion

The Court must deny Zagorski's motion. *First*, time and again courts have recognized that a defendant's mere compliance with his sentence—although commendable—is insufficient by itself to reduce or terminate a probationary term or a term of supervised release.[1] After all, "[m]erely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of [the] [d]efendant." *Paterno*, 2002 WL 1065682, at *3. As such, Zagorski's

---

[1] *See, e.g.*, *United States v. Niren*, No. 13-0171, 2016 WL 3958737, at *2 (W.D. Pa. July 22, 2016); *United States v. Abdelhady*, No. 06-0063, 2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013); United States v. Williams, No. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); *United States v. Paterno*, No. 99-0037, 2002 WL 1065682, at *3 (D.N.J. Apr. 30, 2002).

- 3 -

contention that he has complied with the conditions of his probation (Def. Mov. Br. at 2) is commendable, but insufficient by itself. "While laudable, this conduct is not exceptional; it was ordered by this Court, and is expected." *See Niren*, 2016 WL 3958737, at *2.

*Second*, although the Third Circuit has "not expressly set forth *a significantly changed or extraordinary circumstances standard*, district courts in our Circuit have used [this standard] as support for following that as a guide to the exercise of discretion" for early termination of probation. *See United States v. Kay*, 283 F. App'x 944, 946 (3d Cir. 2008) (citations and internal quotation marks omitted) (emphasis added); *see also United States v. Guilliatt*, No. 01-408, 2005 WL 589354, at *1 (E.D. Pa. Jan. 18, 2005) ("[E]arly termination of probation should be ordered only in extraordinary circumstances."). The Court is not satisfied that Zagorski has met this standard. In particular, as the Government aptly notes, Zagorski has not shown how being on the minimal level of supervision he is under has adversely affected his health or will adversely affect his health in the future.

*Third*, Zagorski was facing 10 to 16 months of incarceration. The Court, however, varied from that advisory guideline range and imposed 5 years of probation. As such, the absence of a prior criminal history and his age and health do not now warrant further leniency. *Cf. Nirven*, 2016 WL 3958737, at *2 ("Defendant could have spent two years in prison; he was sentenced to no prison term. This sentence of probation was already a downward departure from the guideline range, and there is no compelling reason for further leniency."); *Paterno*, 2002 WL 1065682, at *3 ("The Court notes that Defendant's sentence of five years probation was already a significant departure from the 24 to 30 month term of incarceration it could have imposed."). In fact, Zagorski is not presently under home confinement. That portion of his sentence is complete. It

is apparently because of Zagorski's health—not the Court's sentence—that "he has been made, essentially, a prisoner in his own home." (*See* Def. Mov. Br. at 2).

Accordingly, the Court finds that Zagorski has not provided this Court with a sufficient basis for early termination of his probation. An appropriate Order denying the instant motion accompanies this Memorandum.

*s/ Esther Salas*  
**Esther Salas, U.S.D.J.**